# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 17MJ3220 WQH-BLM |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| ADRIAN MORENO, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to appeal setting of bond filed by the Plaintiff United States of America (ECF No. 12).

## FACTS

On September 6, 2017, Defendant was arrested and a Complaint was filed charging the Defendant with two counts of knowingly and intentionally importing controlled substances into the United States in violation of 21 U.S.C. §§ 952 and 960. Defendant made his first appearance before a United States Magistrate Judge and counsel was appointed. Defendant entered a plea of not guilty. The Government made a motion to detain the Defendant pending trial on the grounds of flight risk.

On September 8, 2017, the Magistrate Judge held a detention hearing. The Government sought detention on the grounds that the Defendant was a flight risk. Defendant asserted that there were conditions or combinations of conditions which could be set by the Court to assure his presence at future court appearances.

The Magistrate Judge found that the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of the community pursuant to 18 U.S.C. § 3142(e)(3)(A) applied, but concluded that the Defendant had put forth enough evidence to rebut the presumption. The Magistrate Judge found that a combination of conditions would reasonably assure the Defendant's appearance and the safety of the community, and required "a personal appearance bond in the amount of $25,000, and secured by [defendant's] signature and the signatures of two financially responsible adults, and a $2,000 cash deposit." (ECF No. 14 at 7).

On September 11, 2017, the Government filed a motion to appeal the setting of bond on the grounds that the bond set is not sufficient. The Government requests that this Court "either detain the defendant . . . based on risk of flight, or alternatively, set a substantial property bond ($100,000 fully secured by real property) pending the proceedings." (ECF No. 12 at 3). The Government asserts that the nature and circumstances of the charged offense is serious, and the Defendant faces a mandatory minimum sentence. The Government asserts that the Defendant was living in Mexico and has strong family ties in Mexico. The Government further presents evidence which was not available at the time of the hearing before the Magistrate Judge, including photos of false identification documents of the Defendant, ledgers allegedly indicating criminal activity, and recent photos of the Defendant displaying guns, drugs, and money. The Government contends that this evidence supports its position that the Defendant presents a significant risk of flight.

Defendant contends that the conditions set by the Magistrate Judge are adequate to assure his presence at future proceedings. Defendant asserts that his United States citizenship presents significant ties to the United States and that his lack of criminal record weighs in favor of his release. Defendant asserts that he would likely be living with his grandmother if released and that his flight could require that she pay the federal government $25,000.

On September 18, 2017, this Court held a hearing on the motion to revoke pretrial release order.

# RULING OF THE COURT

The Magistrate Judge found that the Government had not carried its burden to show that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The Government is entitled to review by this Court. 18 U.S.C. § 3145(a)(1). This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990).

The Bail Reform Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(e)(1). Where, as here, there is probable cause to believe that the defendant has committed an offense identified as "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of [the Defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the Government." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). "The Government must establish the risk of flight by a clear preponderance of the evidence" and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if he is released on bond. *United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985).

The Court takes into account all available information concerning the factors set forth in Section 3142(g) in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of any other person and the community including: 1) the nature and circumstances of the offense charged, 2) the weight of the evidence against the person, 3) the history and characteristics of the

person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug and alcohol abuse; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g).'" *Hir*, 517 F.3d at 1086 *quoting United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

The Court has weighed all relevant factors set forth in 18 U.S.C. § 3142(g) and concludes that the Government has established by a clear preponderance that the personal appearance bond is not sufficient to reasonably assure Defendant's presence.[1] There is a presumption that "no condition or combination of conditions will reasonably assure the appearance of [the Defendant] as required and the safety of the community" pursuant to 18 U.S.C. § 3142(e)(3)(A) and the evidence of the Defendant's character and community ties does not rebut this presumption. The charges in this case are serious and the potential penalties are significant. The weight of the evidence, while the least important factor, is strong. Defendant is a United States citizen with significant ties to Mexico. Defendant has been living in Mexico, and his mother and sister live in Mexico. Defendant does not have significant employment in the United States. The evidence of fake documents, alleged ledgers, and photos with guns, drugs and money which was not before the Magistrate Judge, presents significant evidence supporting risk of flight given the serious nature of the charges. The Court finds that the Government has established risk of flight by a clear preponderance of the evidence. The record in this case demonstrates that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if he is released on

---

[1] At the hearing, defense counsel informed the Court that Defendant could not make any higher bond if required for release.

bond.

IT IS HEREBY ORDERED that the motion to appeal setting of bond filed by the Plaintiff United States of America (ECF No. 12) is granted. Defendant is ordered detained pursuant to 18 U.S.C. § 3142(e).

DATED: September 25, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge